IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY<br>Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | CASE NO.: _____ |
| NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA<br>SERVE:<br>Director of Department of Insurance<br>Missouri Department of Insurance<br>301 W. High Street, Room 530<br>Jefferson City, MO 65101 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| and | ) <br> ) | |
| NORTHLAND INSURANCE COMPANY<br>SERVE:<br>Director of Department of Insurance<br>Missouri Department of Insurance<br>301 W. High Street, Room 530<br>Jefferson City, MO 65101<br>Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT, EQUITABLE CONTRIBUTION AND SUBROGATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ADMIRAL INSURANCE COMPANY ("Admiral"), Plaintiff herein, and files its Original Complaint for Declaratory Judgment, Equitable Contribution and Subrogation against National Union Fire Insurance Company of Pittsburgh, PA and Northland Insurance Company (collectively, "Defendants"), and for cause of action would show this honorable Court as follows:

## A. Parties

1.     Plaintiff Admiral is a Delaware corporation with its principal place of business in Cherry Hill, New Jersey, doing business in Texas and issuing insurance contracts in Missouri as surplus lines coverage pursuant to the Missouri Insurance statutes.

2.     Defendant, National Union Fire Insurance Company of Pittsburgh, PA. is incorporated in Pennsylvania with its principal place of business in New York, New York and is a foreign insurance corporation authorized to do and doing business in Missouri as an insurance company and may be served with process by serving Acting Director of Department of Insurance, Financial Institutions & Professional Registration, John M. Huff, Missouri Department of Insurance, Financial Institutions and Professional Registration, 301 W. High Street, Room 530, Jefferson City, Missouri 65101. The Acting Director of Insurance may forward the citation to 175 Water Street, 18th Floor, New York, New York 10038.

3.     Defendant, Northland Insurance Company, is incorporated in Minnesota with its principal place of business in St. Paul, Minnesota and is a foreign insurance company authorized to do and doing business in Missouri, and may be served with process by serving Acting Director of Department of Insurance, Financial Institutions & Professional Registration, John M. Huff, Missouri Department of Insurance, Financial Institutions and Professional Registration, 301 W. High Street, Room 530, Jefferson City, Missouri 6510101. The Acting Director of Insurance may forward the citation to 221 Bolivar Street Jefferson City, Missouri 65101.

## C. Jurisdiction & Venue

4.     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court in accordance with the provisions of 28 USC §1391(a)(2), because a substantial part of the events or omissions upon which this claim is based occurred in this district.

**D. Facts**

6. Correctional Services Corporation (hereinafter "CSC"), Youth Services International, Inc. (hereinafter "YSI") and Youth Services International of Missouri, Inc. (hereinafter "YSIM") (collectively referred to as "Underlying Defendants") were sued in Holt County, Missouri in a suit styled Case No. 06 AT CV0065, *Heartland Educational Institute v. Youth Services Intl. of Missouri, Inc., et al*, in the Circuit Court of Holt County, Missouri, 4th Judicial District (hereinafter, the "Underlying Lawsuit").

7. The Underlying Lawsuit alleged that CSC, YSI and YSIM breached a lease agreement with the plaintiff and caused extensive property damage to the subject of the lease: a community college campus that was being used as a center for wayward youth called Tarkio Academy. The Fifth Amended Petition alleged that the lease began on September 1, 1994 and ended on June 30, 2004. The Petition alleged breach of the lease agreement, waste and negligence against all defendants. Additionally, it alleged that the corporate veil between YSIM and the other defendants should be pierced to allow recovery against all defendants for the acts of YSIM because YSIM, was merely the alter ego of YSI and CSC. The Petition further alleges that YSI and CSC are successors to all obligations owed to plaintiff by YSIM, including the lease, and that they assumed all duties and obligations under the lease and operated under its terms and conditions.

8. Plaintiff issued several insurance policies to Correctional Services Corporation and Youth Services International, Inc. Those policies collectively referred to as the "Admiral Policies" are Policy No. A94EG24130, effective from February 1, 1994 through February 1,

1995; Policy No. A01AG09917, effective from February 1, 2001 through May 1, 2002; Policy No. A02AG13430, effective from May 1, 2002 through May 1, 2003; Policy No. A03AG16900, effective from May 1, 2003 through May 1, 2004; Policy No. CA000003840-04, effective from May 1, 2004 through May 1, 2005.

9.     The Defendants also issued policies of insurance to Correctional Services Corporation and Youth Services International, Inc. Several of those policies were primary or the only applicable insurance policies during the 10 year period at issue in the Underlying Lawsuit, September 1, 1994 to June 30, 2004.

10.    National Union Fire Insurance Company issued Policy Nos. 7739894, 3478347, 1409402, and 1409411, which are combined health care facility professional liability and commercial general liability policies, to Youth Services International, effective from 1995 to 1999. Policy No. 3468506 is primary policy issued to Correctional Services Corporation and Youth Services International, Inc., effective February 1, 2001 to May 1, 2002.

11.    Northland Insurance Company issued Policy No. KA000028, which is a combined commercial general liability and commercial professional liability policy, to Correctional Services Corporation, effective February 1, 2000 to February 1, 2001.

12.    Plaintiff provided a defense to its insureds against the Underlying Lawsuit under a reservation of its rights. Despite having been put on notice by their insureds, none of the Defendants provided or contributed to the defense of their insureds. Given that the parties disagree as to the existence of coverage for this claim, Admiral files this Declaratory Judgment, Equitable Contribution and Subrogation action seeking judicial resolution of this dispute.

### E.  Count 1 - Declaratory Judgment

13.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 12 above.

14. Plaintiff brings Count I pursuant to 20 U.S.C. §§ 2201 and 2202 (Declaratory Judgments), pursuant to Missouri Supreme Court Rule 87.01 *et seq.* (Declaratory Judgments) and pursuant to §527.010 *et seq.* (the Uniform Declaratory Judgment Act) for determination of the parties' rights and obligations under various insurance policies issued by Plaintiff and each defendant, respectively.

15. Plaintiff respectfully requests that this Court issue a declaratory judgment that Defendants had a duty to defend the Underlying Defendants in the Underlying Lawsuit pursuant to the terms of their respective insurance policies listed above, and that, pursuant to Admiral's right of equitable contribution and/or subrogation, Admiral is owed reimbursement for those defense costs that it has paid in the Underlying Lawsuits that should rightfully have been paid by Defendants.

16. Additionally, Plaintiff respectfully requests that this Court issue a declaratory judgment setting forth the proper method of allocation of defense costs for the Underlying Lawsuits as among Plaintiff and Defendants.

17. For the reasons set forth above, Plaintiff Admiral Insurance Company respectfully requests that this Court declare the rights, status and legal relations of the parties in connection with the facts set forth above, the Underlying Lawsuits, the policies at issue and established law. A declaratory judgment action is appropriate in this matter because there is a justiciable issues and it will serve a useful purpose in clarifying and settling the legal relations at issue between Defendants and Admiral Insurance Company, and will terminate and afford relief from the uncertainty and controversy giving rise to this proceeding.

18. Admiral affirmatively pleads that it is entitled to an award of its costs and reasonable and necessary attorneys' fees in prosecuting this action.

19. For the reasons set forth above, Admiral respectfully requests that this Court

declare the rights, status and legal relations of the parties in connection with the facts set forth above, the Underlying Lawsuit, the policies at issue and established law, and that Admiral have judgment against Defendants on its claims under the doctrine of equitable contribution and/or subrogation.

WHEREFORE, PREMISES CONSIDERED, for Count I, Admiral Insurance Company respectfully requests that all defendants named herein be cited to appear and answer, and that on final trial Admiral Insurance Company have the following:

(1)     A declaration that Northland Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA had a duty to defend the Underlying Defendants against the Underlying Lawsuits;

(2)     A declaration setting forth the proper allocation of defense costs and amounts owed for the Underlying Lawsuits as among Admiral Insurance Company, Northland Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA, including but not limited to those issues of law outlined above;

(3)     Reimbursement of any amounts paid by Admiral that should rightfully be or have been paid by any Defendants according to the parties subrogation and/or contribution rights or any other right to reimbursement;

(4)     Recovery for costs, including but not limited to reasonable and necessary attorneys' fees incurred in prosecuting this action;

(5)     Recovery of such interest that has accrued on any amounts owed by Defendants;

(6)     Costs of court; and

(5)     Such other and further relief to which Admiral Insurance Company may show itself justly entitled.

## F. Count II – EQUITABLE CONTRIBUTION

20.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-13, above.

21.     The Defendants and Plaintiff were co-obligors in regard to the duty to defend the defendants in Underlying Lawsuit.

22.     Plaintiff has paid all of the defense costs in the underlying action which is more than its proportionate share as among plaintiff and defendants.

23.     Plaintiff and Defendants insured the same insureds, covered the same risk relative to Underlying Lawsuit and each insurer has independent standing to assert a cause of action against co-insurers for equitable contribution.

24.     Plaintiff, therefore, has the right to contribution for reimbursement from the defendant, each of them, for the amount has paid over its proportionate share of the obligation.

WHEREFORE, PREMISES CONSIDERED, Admiral Insurance Company respectfully prays the Court enter its Judgment determining:

(1)     That Plaintiff and Defendant National Union Fire Insurance Company of Pittsburg, PA and Defendant Northland Insurance Company each have the duty to defend the Underlying Defendant in the Underlying Lawsuits;

(2)     The Court's determination as to the proportion of the defense costs owed by Plaintiff, Defendant National Union Fire Insurance Company of Pittsburgh, PA and Defendant Northland Insurance Company, each of them as set forth as arising from the language of their policies and applicable law;

(3)     That Plaintiff has paid has an excess of it's proportionate share and that Defendant National Union Fire Insurance Company of Pittsburg, PA and Defendant Northland Insurance Company, respectively, are obligated to pay Plaintiff, respectively, the amount determined as their respective portions, in equitable contribution;

(4)     For Plaintiff's costs herein incurred and expended, including but not limited to attorneys fees and for such other relief as the Court may deem just and proper.

## G.  Count III – EQUITABLE AND CONTRACTUAL SUBROGATION

25.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-13, above.

26.     The Underlying Defendants gave notice and tendered their defense, respectively, to Defendant National Union Fire Insurance Company of Pittsburg, PA and Defendant Northland Insurance Company.

27. Defendant National Union Fire Insurance Company of Pittsburg, PA and Defendant Northland Insurance Company, respectively, refused to provide the defense of any or all of the Underlying Defendants.

28. Pursuant to equitable and contractual (the terms of Plaintiff's policy) subrogation, Plaintiff should be reimbursed by Defendant National Union Fire Insurance Company of Pittsburg, PA and Defendant Northland Insurance Company, respectively, for that portion of each insurer's respective obligation of the defense costs herein.

29. Pursuant to Section 375.420 R.S.Mo., said Defendants, each of them, were vexatious in their refusal to pay for the defense of the Underlying Defendants and therefore, judgment for plaintiff for its attorney's fees in pursuing this action, interest, and twenty percent (20%) of the first fifteen hundred dollars ($1,500.00) of plaintiff's loss and ten percent (10%) of the amount of loss in excess of fifteen hundred dollars ($1,500.00) should be granted.

WHEREFORE, PREMISES CONSIDERED, Admiral Insurance Company respectfully prays the Court enter its Judgment that Plaintiff is lawfully subrogated both in equity and by contract to the rights of Underlying Defendants to reimbursement of the costs of defense against Defendant National Union Fire Insurance Company of Pittsburg, PA and Defendant Northland Insurance Company; determine the amount owed for defense costs and enter Judgment thereon in favor of Plaintiff; enter Judgment that the refusal of Defendant National Union Fire Insurance Company of Pittsburg, PA and of Defendant Northland Insurance Company to pay for said defense or reimburse is vexatious pursuant to Section 375.470 R.S.Mo. and that Plaintiff's attorneys fees in the pursuant of this action, interest and twenty percent (20%) of the first fifteen hundred dollars ($1,500.00) of plaintiff's loss and ten percent (10%) of the amount of loss in excess of fifteen hundred dollars ($1,500.00) are hereby due and owing; and for other costs herein incurred and expended and such other relief as the Court may deems just and proper.

## H. Count IV – JURY TRIAL

29.     Pursuant to Rule 38 and 39 of the Federal Rules of Civil Procedure, Plaintiff

herein makes a demand for Jury Trial on all issues as allowed by law.


Respectfully submitted


/s/ Daniel N. Allmayer
Daniel N. Allmayer, #32578
ALLMAYER & ASSOCIATES, P.C.
1401 Bryant Building
1102 Grand Boulevard
Kansas City, MO 64106
(816) 221-2262
FAX: (816) 221-6273
dna@allmayerlaw.com
general@allmayerlaw.com


/s/ Laura W. Slay
Nathan M. Rymer – Pending Pro Hac Vice Admission
Laura W. Slay – Pending Pro Hac Vice Admission
RYMER, MOORE, JACKSON & ECHOLS, P.C.
2801 Post Oak Blvd., Suite 250
Houston, Texas 77056
Telephone: (713) 626-1550
Facsimile:  (713) 626-1558
nrymer@rmjelaw.com
lslay@rmjelaw.com

**ATTORNEYS FOR PLAINTIFF
ADMIRAL INSURANCE COMPANY**