IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>) Case No.: 10CV06061-HFS<br>vs. )<br>)<br>NATIONAL UNION FIRE INSURANCE )<br>COMPANY OF PITTSBURG, PA and )<br>NORTHLAND INSURANCE COMPANY, )<br>)<br>Defendants. ) | |

## DEFENDANT NORTHLAND INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S OBJECTION AND MOTION TO STRIKE DEFENDANT NORTHLAND'S EXPERT DISCLOSURE

COMES NOW defendant Northland Insurance Company (hereinafter "Northland"), and files this Response to Plaintiff's Objection and Motion to Strike Defendant Northland's Expert Disclosure regarding defendant Northland's expert Douglas R. Richmond, and state as follows:

### I. Introduction

Plaintiff complains that defendant Northland's expert Douglas R. Richmond's report and proposed testimony constitute legal conclusions, invade the province of the jury, and raise issues not at issue in the Complaint. Plaintiff does not object to the identification or qualifications of Mr. Richmond as an expert, but limits its objection to Mr. Richmond's report and proffered opinion testimony.

Defendant Northland does not dispute the statements in paragraphs 1 through 5 of Plaintiff's Objection and Motion to Strike Defendant Northland's Expert Disclosure (hereinafter "Plaintiff's Motion to Strike"). In response to the statement in plaintiff's paragraph 6, Northland states that it had no duty to participate or contribute to the defense of its insured in the underlying

lawsuit. In response to plaintiff's paragraph 7, defendant Northland states that it is not liable for any portion of the $1,148,567.99 in attorneys' fees and expenses allegedly incurred by plaintiff in the underlying lawsuit.

**Argument and Authorities**

Expert testimony may be admitted if it is relevant and reliable, as defined by Rule 702 of the Federal Rules of Evidence. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993). Exclusion of Mr. Richmond's proposed report and opinion testimony is unwarranted. Expert opinions are to be excluded when they are "phrased in terms of inadequately explored legal criteria" or "merely tell the jury what result to reach". Such opinions are not helpful to the jury. United States v. Whitted, 11 F.3d 782, 785 (8th Cir. 1993) (citing advisory committee's note to Fed. R. Evid. 704).

Doubt regarding "whether an expert's testimony will be useful should generally be resolved in favor of admissibility," as Fed. R. Evid. 702 "favors admissibility if the testimony will assist the trier of fact." Clark ex rel. Clark v. Heidrick, 150 F.3d 912, 915 (8th Cir. 1998). The proposed testimony of Mr. Richmond goes beyond merely telling the jury what decision to reach, provides fact-based opinions, and will assist the jury.

Plaintiff contends that Mr. Richmond's opinions as to the reasonableness of defendant Northland's actions, the issue of whether it had a duty to defend, and exclusions of the Policy are legal conclusions. Mr. Richmond does address certain policy construction issues in his report. Plaintiff misapprehends the role of those issues in his report. They are merely necessary predicates for his opinion on the factual issues raised by plaintiff's claim of vexatious conduct under §475.420 R.S.Mo.

2

Mr. Richmond's report cannot influence a fact-finder on those predicate legal issues. They are issues of law that will be decided by the Court, not a jury. He can appropriately address them as bases for his opinions concerning Northland's claim decisions.

Moreover, unlike opinion testimony of lay witnesses, testimony of an expert "in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). "[A]n expert may testify that factual circumstances demonstrate that a person did not meet a legal duty that is otherwise defined by the court." Travelers Indem. Co. of America v. Holtzman Properties, LLC, No. 4:08-CV-351 CAS, 2009 WL 995464, at * 4 (E.D. Mo. Apr. 14, 2009); *see also* United States v. Hawley, 562 F.Supp. 2d 1017, 1040-41 (N.D. Iowa 2008) (same); Alumbaugh v. Union Pacific Railroad Co., 322 F.3d 520, 525 (8th Cir. 2003) (finding that the district court improperly denied expert opinion testimony that a railroad crossing "had been in a state of disrepair for a substantial period of time, so that Union Pacific should have known of the condition and taken remedial action," noting that the law allows an expert to "express his opinion on the ultimate jury question.").

Plaintiff relies on In re Acceptance Insurance Companies Securities Litigation, 423 F.3d 899 (8th Cir. 2005), to support its argument that Mr. Richmond's opinion should be excluded on grounds that they are legal conclusions. However, In re Acceptance is distinguishable from the instant case. In In re Acceptance, the district court's ruling that affidavits relied upon by the movant in its motion for summary judgment were inadmissible because it failed the Daubert test of reliability and relevance. In Re Acceptance, 423 F.3d at 905. "The district court found that the testimony was unreliable because it was not supported by any methodology and not particularly

3

helpful to the court." Id. The district court indicated that the opinions had "no analytical reasoning or support." Id.

Contrary to the experts in In re Acceptance, Mr. Richmond provides analytical reasoning and support for each of his opinions, and notes which documents and facts he uses in his analysis, providing explanation and illustration for his opinions. Further, unlike the movant in In re Acceptance, Mr. Richmond did not rely upon facts presented to him solely by Northland. As indicated in Mr. Richmond's report, he reviewed numerous documents in preparation of his opinion, including letters, the Northland policy, pleadings and motions, including those produced by plaintiff. *See Northland's Rule 26(a)(2) Expert Disclosure – Douglas R. Richmond Report*, at 1, attached hereto as *Exhibit A*. Mr. Richmond's report analyzes the Northland Policy and applies it the of the underlying case to reach his conclusions. *Exhibit A*, at 3-4.

Plaintiff seeks to exclude Mr. Richmond's report and testimony on the additional grounds that his testimony would unreasonably invade the province of the jury, citing to J.E. Jones Cons. Co. v. Marsh USA, Inc., No. 4:06CV1759 HEA, 2008 WL 2225732 (E.D. Mo. 2008). Again, Admiral misapprehends the role of the legal issues in Richmond's report as predicates for his opinion on reasonableness.

Nor does that decision aid plaintiff. Although the proposed expert in J.E. Jones Co. could not testify as to "to the existence of breaches" in the parties agreements, the Court did not exclude his testimony entirely, as he was allowed to "testify to the contents of the documents" at issue, as well as "the meaning of universally accepted language or terms of art in the insurance industry." 2008 WL 2225732, at *2 (the Court's discussion is limited, making no reference to the analysis or facts relied upon by the proffered expert). Mr. Richmond offers opinions beyond

4

opinions that merely tell the jury how to decide, as they are based on his expert understanding and analysis of insurance and the relevant facts of the underlying lawsuit.

The plaintiff in Holtzman, *supra*, similarly to the plaintiff in the instant case, argued in an attempt to exclude defendant's expert's proposed testimony that plaintiff "unreasonably and vexatiously delayed payment of [defendant's] claim" invaded the province of the jury. Holtzman, 2009 WL 995464, at * 4. The District Court denied plaintiff's motion to exclude this particular expert, finding that the expert report "consist[ed] of more than mere legal conclusion that [plaintiff] vexatiously refused to pay [defendant's] claim." Id. at *7. The Court further noted that the report contained admissible fact-based opinions in addition to legal conclusions, but plaintiff's motion to exclude the expert made "no attempt to discuss whether the various fact-based opinions contained in [the expert's] report are admissible." Id. Plaintiff's Motions to Strike, likewise, fails to address the fact-based admissible opinions contained in Mr. Richmond's report.

## II. Conclusion

Douglas R. Richmond's report and proposed expert opinion is more than mere legal conclusions, will assist the trier of fact, and is grounded in analysis of facts. Defendant Northland Insurance Company requests that the Court deny Plaintiff's Objection and Motion to Strike Defendant Northland's Expert Disclosure and for such other relief as the Court deems just and proper.

5

DEACY & DEACY, LLP

\s\ Dale L. Beckerman
Dale L. Beckerman, #26937
Mimi E. Doherty,   #35091
920 Main Street, Suite 1900
Kansas City, Missouri 64105
Telephone: (816) 421-4000
Facsimile: (816) 421-7880
ATTORNEYS FOR DEFENDANT
NORTHLAND INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Daniel N. Allmayer, Esq.
Allmayer & Associates
1401 Bryant Building
1102 Grand Boulevard
Kansas City, Missouri 64106

Nathan M. Rymer, Esq.
Laura W. Slay, Esq.
Rymer, Moore, Jackson & Echols
2801 Post Oak Boulevard
Houston, Texas 77056
ATTORNEYS FOR PLAINTIFF

Robert J. Wonnell, Esq.
Douglas M. Greenwald, Esq.
Mcanany, Van Cleave & Phillips
P.O. Box 171300
Kansas City, Kansas 66117
ATTORNEYS FOR DEFENDANT
NATIONAL UNION FIRE COMPANY OF
PITTSBURG, PA

/s/ Dale L. Beckerman
Attorney for Defendant
Northland Insurance Company